UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| Patricia Herkelman, Guardian, on behalf of Jordon Herkelman,<br>   Plaintiff,<br><br>vs.<br><br>James A. Mientus, Valmar D. Mientus, James A. Mientus Trust, and Valmar D. Mientus Trust,<br>   Defendants. | Case No.: _____<br><br><br>COMPLAINT |

COMES NOW, Attorney William T. McCullough on behalf of Plaintiff Patricia Herkelman, Guardian of Jordon Herkelman, and alleges the following complaint:

1. Patricia Herkelman is the mother and legal guardian of 26 year old Jordon Herkelman. Jordon Herkelman has mild to moderate mental retardation, expressive language disorder, congenital hydrocephalus and insulin-dependent diabetes. Jordon Herkelman is a resident of the State of Iowa.

2. Defendants, James A. Mientus, Valmar D. Mientus, James A. Mientus Trust and Valmar D. Mientus Trust are residents of the State of Iowa and are owners of a four unit apartment building located at 2319 W. 40th Street, Davenport, Iowa.

3. The four unit apartment building located at 2319 W. 40th Street, Davenport, Iowa is not exempt under the Fair Housing Act, §804(f)(1).

4. Patricia Herkelman states that she was seeking housing for Jordon Herkelman with two roommates who also have disabilities/handicaps. Patricia Herkelman states that Jordon Herkelman and the two roommates receive SSI and have jobs, giving them adequate resources to pay rent. Patricia Herkelman states that a residential case manager with the

Handicapped Development Center (HDC) in Davenport, Iowa, Brian Dykstra, was coordinating the housing search for the two roommates.

5. Patricia Herkelman states that she would frequently make phone calls to get details about advertised vacancies and relay that information to Brian Dykstra, and set up appointments for both of them to view available apartments. Patricia Herkelman first contacted Defendants by phone on or about May 11, 2010. Patricia Herkelman set an appointment for herself and Mr. Dykstra for that same day at 4:00 p.m. to view the subject apartment. Patricia Herkelman states that she told Defendants that a staff person would be present when her son was at the apartment because of her son's mental level and because of he is insulin dependent.

6. Patricia Herkelman states that Valmar Mientus stated that they had to be concerned about what their tenants might think "living next to people like this" and that she was concerned about them living together if they had not lived together before. Patricia Herkelman states that she completed her son's application and faxed it to Defendants. She states that she called Defendant, James Mientus, on May 14, 2010 to inquire if he had received her son's documents and to say that Mr. Dykstra would fax the other two individuals' documents as soon as one of the roommates returned from a vacation. Patricia Herkelman states that Mr. Mientus said to her, "That's okay, there's no reason to do that because we have made our decision. It's just not going to work out." Patricia Herkelman states that Mr. Mientus also said that they were not comfortable with four adults and a staff person sleeping on the couch. Patricia Herkelman states she contacted Mr. Dykstra to let him know that they were not going to get the apartment on 40th Street, and there was no reason to send the applications in because Defendants were not interested and it wasn't going to work out. Patricia Herkelman states she believes Defendants discriminated against her son because of his disability.

7. It is unlawful to refuse to sell or rent after making a bona fide offer or to refuse to negotiate for the rental of, or otherwise make available or deny a dwelling to any person because of disability under the Fair Housing Act, §804(f)(1).

8. Jordon Herkelman is a member of a protected class, and Defendants knew or suspected that he was a member of a protected class. Patricia Herkelman, Guardian of Jordon Herkelman, states that she communicated to Defendants that her son has severe diabetes, that he is in need of assistance in taking medication, and he has a mental disability.

9. Patricia Herkelman as Guardian applied on behalf of Jordon, and Jordon Herkelman was qualified to rent the property in question. Patricia Herkelman submitted to Defendants an application, a housing questionnaire, and a release of information for a police background check. Patricia Herkelman further states that Jordon Herkelman receives SSI and has a job, as do the other two potential roommates, so they would have been able to pay rent for the subject property.

10. The Defendants rejected the Plaintiff's application. During the telephone conversation of May 14, 2010 Patricia Herkelman, as Guardian of Jordon Herkelman, was informed that Defendants were not going to rent the apartment to Plaintiff and his two roommates. Defendant James Mientus informed Patricia Herkelman that they had made their decision and that they were not going to rent to Jordon or his roommates, so there was no need for the two roommates to submit the other two applications. During Patricia Herkelman's discussions with Defendants, it was stated that Defendants' practice was "only to rent to families" and that Jordon Herkelman's arrangements might constitute a "group home".

11. The property remained available after May 14, 2010. Mr. Dykstra, was informed at the end of the walk-through of the apartment by Defendants that they would look at all applications, including those of other applicants, and discuss it between themselves.

12. Plaintiff has suffered discrimination under the Fair Housing Act, §804(f)(1) and prays for the Court to enter judgment in favor of the Plaintiff and award damages in the amount of $5,000.00 plus court costs and attorney fees, and for such other and further relief as the Court deems just and equitable under the circumstances.

                                                                                      _____
                                                                                      Patricia Herkelman, on behalf of
                                                                                      Jordon Herkelman

STATE OF IOWA        )
                                ) ss:
COUNTY OF SCOTT   )

Patricia Herkelman, being first duly sworn upon oath, deposes and states that she has read the above and foregoing Complaint by her subscribed, that she knows and understands the contents therein and that the same is true and correct to the best of her information, knowledge and belief.

                                                                                 _____
                                                                                  Patricia Herkelman

SUBSCRIBED AND SWORN to before me this 9th day of February, 2012.

                                                                                 _____
                                                                                  Notary Public

WILLIAM T. McCULLOUGH
COMMISSION NO. 171403
MY COMMISSION EXPIRES
10/9/14

William T. McCullough
220 Emerson Place, Suite 301
Davenport, Iowa 52801
Telephone: (563)326-4060
Attorney for Plaintiff